**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

AARON BROOKINS,

    Plaintiff,

vs.                                                                       Case No. 8:08-cv-01429-T-17TBM

DAVID GEE (Hillsborough County Sheriff) and
DAVID PARRISH (Colonel Hillsborough County),

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS BROOKINS' SECOND AMENDED COMPLAINT

This cause is before the Court on Defendants David Gee's and David Parrish's motion to dismiss pro se Plaintiff Aaron Brookins' second amended 42 U.S.C. §1983 complaint. (Doc. No. 39). Brookins, an inmate at the Hillsborough County Jail, alleges that prison officials violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution. Brookins seeks money damages.

Brookins alleges that on March 31, 2008, while he was an inmate at the Hillsborough County Jail, Deputy J. Tremblay placed Brookins' life in danger. Allegedly, Deputy Tremblay knew Brookins and inmate McWhorter had prior verbal conflicts, opened both inmates' cell doors, and handed inmate McWhorter a metal pole. McWhorter then, allegedly, attacked Brookins with the metal pole. Brookins alleges he suffered blows to the forehead and face causing serious injuries to his brain and permanent scars on his face. Additionally Brookins alleges, "Deputy E. Martinez, Deputy John Doe, and Sergeant T. Herds, where [sic] also in violation of my civil rights by writing false and fabrabicnted [sic] reports to cover up their employee wrong doing and bad behavior and had knowledge of the incident." Brookins further complains that at the time of the alleged civil rights violations, and at the time of filing suit, David Gee and David M. Parrish were the ultimate

authorities of the Hillsborough County Jail, and thus responsible for the action of their subordinates. (Doc. No. 24).

STANDARD OF REVIEW FOR RULE FOR RULE 12(b)(6) MOTIONS TO DISMISS

The rules of pleading require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, the rules of pleading allow a defendant to file a motion asserting a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The pleadings of a pro se litigant are to be liberally construed and held to a less stringent standard than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

Plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly,* 550 U.S. at 555. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further

articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008). A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). *See* Fed. R. Civ. P. 10(c).

DISCUSSION

I. Supervisory Liability

Brookins names David Gee and David Parrish as defendants but only alleges "David Gee and David M. Parrish [are] ultimate authorities of Hillsborough County Jail. This [sic] responable [sic] for the action of their subordinates. Therefore, both are listed as defendants unleast [sic] deemed other wise [sic] by the courts." (Doc. No. 24). Brookins' claim has no merit. "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). A causal connection is present when a history of *widespread abuse* puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. *Id*. at 671. Widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. *Id*.

Brookins has alleged no facts that would support a finding that Defendants personally participated in the alleged constituonal violations, nor has Brookins pled any facts that could establish a causal connection between actions by Gee or Parish and the alleged constitutional violations. Brookins alleges a single isolated occurrence between Deputy J. Tremblay and Brookins. Even when taken as true, this occurrence is insufficient to establish the widespread abuse necessary

to put Defendants on notice of the need to take corrective action. Therefore, Defendants Gee and Parrish cannot be held liable under the theory of supervisory liability.

II. Qualified Immunity

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Vinyard*, 311 F.3d at 1346 (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)). "To receive qualified immunity, the public official 'must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Vinyard*, 311 F.3d at 1346 (quoting *Lee*, 284 F.3d at 1194). In the case at bar, Brookins complains of a physical altercation with another inmate. Brookins further alleges that Gee and Parrish were "ultimate authorities of Hillsborough County Jail" at the time of the alleged violations. (Doc. No. 24). If not for their positions within the Hillsborough County Jail, Gee and Parrish would have no occasion to prevent Brookins' physical altercation. Brookins alleges Defendants failed to prevent the alleged actions of Deputy Tremblay. Defendants were acting within their discretionary authority.

"Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee*, 284 F.3d at 1188. In order to establish the inappropriateness of qualified immunity Plaintiff must show a violation of a constitutionally protected right has occurred. *Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 2513 (2002). If Plaintiff's pleadings establish a violation of a constitutionally protected right, Plaintiff must next show that the right was clearly established at the time of violation. *Saucier v.*

*Katz*, 533 U.S. 194, 201 (2001).[1] Brookins alleges violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution. Brookins fails to allege facts that can support a finding that David Gee or David Parrish violated a constitutionally protected right. Even if Brookins were able to establish violation of a constitutionally protected right, he could not meet the second prong of *Saucier*. Brookins pleads no facts that would establish Defendants' acted in a manor different from that of a reasonable officer confronted with the same situation. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Therefore, Brookins fails to plead facts that would bar Defendants' claim of qualified immunity.

III. Respondeat Superior

Brookins' sole mention of David Gee and David Parrish in his complaint is to state that they were "ultimate authorities" of Hillsborough County Jail. Brookins is attempting to hold the defendants liable under the theory of respondeat superior. Respondeat superior, however, is not actionable in 42 U.S.C. §1983 complaints. The Eleventh Circuit has stated that:

> Like municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of respondeat superior. *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981), cert. denied, 456 U.S. 979 (1982). Supervisory liability is not limited, however, to those incidents in which the supervisor personally participates in the deprivation. *Goodson v. City of Atlanta*, 763 F.2d 1381, 1389 (11th Cir. 1985); *Wilson v. Attaway*, 757 F.2d 1227, 1241 (11th Cir. 1985); *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976). There must be a causal connection between the actions of the supervisory official and the alleged deprivation. *Wilson*, 757 F.2d at 1241; *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979). This causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need for improved training or supervision, and the official fails to take corrective action. *Wilson*, 757 F.2d at 1241; *Sims*, 537 F.2d at 832.

*Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985). *See Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007) in which the Eleventh Circuit stated:

> The Sheriff had no direct contact with Goebert. The basis for her claim against him is his office's supervisory responsibilities over the jail. We do not

---
[1] *But See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) (holding the procedure required in *Saucier*, while often appropriate, is no longer mandatory and courts should be permitted to decide which of the two prongs to address first)

recognize vicarious liability, including respondeat superior, in § 1983 actions. *Cottone,* 326 F.3d at 1360. In order to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or ... directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *West v. Tillman,* 496 F.3d 1321, 1328-29 (11th Cir.2007) (per curiam) (first and second alterations in original) (internal quotation marks omitted) (quoting *Cottone,* 326 F.3d at 1360).

As we have explained, "[a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton,* 117 F.3d 488, 489 (11th Cir.1997). A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127, 108 S.Ct. 915, 926, 99 L.Ed.2d 107 (1988). Demonstrating a policy or custom requires "show[ing] a persistent and widespread practice." *Depew v. City of St. Mary's, Ga.,* 787 F.2d 1496, 1499 (11th Cir.1986).

510 F.3d at 1331, 1332. *See also*, *Bozeman v. Orum*, 199 F. Supp 2d 1216 (M.D. Ala. 2002).

Likewise, Brookins has not met the standard for holding Defendant David Gee or Defendant David Parrish liable under the theory of respondeat superior.

Accordingly, the Court orders:

That David Gee's and David M. Parrish's motion to dismiss (Doc. No. 39) is **GRANTED**.

The Clerk is directed to enter judgement for David Gee and David M. Parrish.

Done and Ordered in Chambers, in Tampa Florida, this 19th day of June, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Aaron Brookins